IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | Case No. 3:92CR68 |
| v. | : | **CAPITAL CASE** |
| | : | **EXECUTION SCHEDULED** |
| COREY JOHNSON, | : | **FOR JANUARY 14, 2021** |
| | : | |
| Defendant. | : | |

## MOTION TO VACATE 2005 AMENDMENT TO THE JUDGMENT AND ORDER

Corey Johnson, by counsel, hereby moves the Court to vacate its orders issued on November 17, 2005, Ex. 1 (Dkt. 944); Ex. 2 (Dkt. 945), modifying his 1993 Judgment and Order and 1996 Order of Execution implementing his death sentence after an intervening period of nine years. As a separate court in this Circuit held just days ago on an indistinguishable body of facts in *United States v. Higgs*, No. 98-cr-520, 2020 WL 7707165 (D. Md. Dec. 29, 2020), this Court lacked jurisdiction to modify that judgment, rendering the 2005 orders a legal nullity. Consequently, Mr. Johnson's execution must be implemented pursuant to the original Judgment and Order, which requires in pertinent part that: (1) the sentence must be carried out in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 – 236; and (2) at a Virginia state correctional facility.[1]

---

[1] The undersigned recognize that this issue should likely have been addressed sooner, but only became aware of it themselves after the recent decision in *Higgs*. However, the timing of this motion presents no impediment to the relief requested. A judgment rendered by a court lacking jurisdiction is void, and Mr. Johnson cannot be executed pursuant to a judgment that is a legal nullity.

1

## RELEVANT PROCEDURAL HISTORY

Mr. Johnson was formally sentenced to death by this Court on June 1, 1993. At that sentencing hearing, the Court considered an outstanding defense motion to "bar execution of the defendants due to the absence of a Congressionally-authorized execution method." Ex. 3 (6/1/93 Tr. 4865). In its oral ruling on the motion, the Court stated:

> I think in styling or titling or fashioning their motion in that way, it somehow misses the point, which will become clear from my ruling on the issue.
>
> To answer the direct questions of the defendants, I will state up front that *I will not exclude death as a punishment in fashioning the sentences that I will impose this morning. I will impose a death penalty as part of any sentence I announce this morning.*
>
> At the same time, I specifically find that the Attorney General's regulation establishing the procedures for executing federal death sentences is ultra vires and with no legal force or effect.
>
> …
>
> I agree with the Judge in the case of UNITED STATES v. CHANDLER, the Alabama case, that *the sentences of death that I impose cannot be implemented unless and until Congress provides a method for implementation of the death sentence. Of course, if a higher court were to consider the matter and determine that I am in error about this, I would follow their direction and outline a method of execution.*

Ex. 3 (6/1/93 Tr. 4865-66) (emphasis added). The Court thereafter entered the judgment imposing a sentence of death on Counts 8, 11, 17, 18, 19, 24, and 25. *See* Ex. 4 (Dkt. 593). Per its oral ruling, however, it did not include an order for implementing the death sentence.

The government subsequently cross-appealed this Court's order staying the execution of the death sentences pending Congressional authorization of the means of execution. *United States v. Tipton*, 90 F.3d 861, 868 (4th Cir. 1996). On July 8, 1996, the Fourth Circuit vacated that order and remanded "with instructions to enter appropriate orders for the executions in accordance with regulation promulgated by the Attorney General." *Id*. at 903.

On November 22, 1996, this Court entered the order implementing the sentence. *See* Ex. 5 (Dkt. 653). It stated:

> Pursuant to instructions from the United States Court of Appeals for the Fourth Circuit to enter an order of execution in accordance with regulations promulgated by the Attorney General, it is hereby ORDERED that:
>
> 1. The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);
>
> 2. The United States Marshal charged with supervising the implementation of the sentence of death, may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;
>
> 3. The sentence shall be executed by electrocution or by continuous intravenous injection of a substance or combination of substances sufficient to cause death;
>
> 4. The method of execution shall be chosen by the prisoner. In the event the prisoner refuses to make a choice at least fifteen days prior to the scheduled execution, the method of execution shall be by lethal injection;
>
> 5. The sentence shall be executed on March 20, 1997.
>
> 6. Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber; and
>
> 7. The United States Marshal designated to supervise the implementation of the sentence of death shall certify the fact of the execution to this Court by filing an appropriate document with the Clerk of this Court.
>
> The Clerk is directed to send a copy of this Order to all counsel of record, the Attorney General, and the Director of the Virginia Department of Corrections.
>
> And it is SO ORDERED.

Ex. 5 (Dkt. 653). This 1996 order, together with the 1993 judgment it implemented, constituted the judgment of this Court.

On February 20, 1997, Mr. Johnson filed a Consent Motion to Stay Executions, Dkt. 656, to pursue available avenues of relief, including certiorari on direct review and post-conviction review under 28 U.S.C. § 2255. The following day, this Court entered an order staying the execution pending further order of the Court. Ex. 6 (Dkt. 657).

In October 2005, after Mr. Johnson's request for certiorari review of the denial of his § 2255 motion was denied, the government moved to lift the stay. Ex. 7 (Dkt. 938). In that same motion, however, it also sought to modify the judgment. *Id*. As the government noted, "pursuant to the terms of this Court's order, petitioners' executions were to take place at 'the State correctional facility housing the death chamber,' and each petitioner was to be allowed to choose electrocution or lethal injection as the method of execution." *Id*. at 2. The government argued that the Court should vacate the order because subsequent to the judgment imposing the death sentence, the government built a "functioning death chamber at the Terre Haute Federal Correctional Institution," and thus there was "no continuing reason for this Court to designate 'the State facility housing the death chamber' as the place where petitioners' executions should be carried out." *Id*. at 3-4. Similarly, the government argued that there was "no reason" for the executions to be implemented in the manner prescribed by the law of the Commonwealth of Virginia, and that the Court should instead order that the executions be carried out at Terre Haute by means of lethal injection. *Id*. at 4-5.

On November 17, 2005, this Court granted the government's motion. *See* Ex. 1 (Dkt. 944). The Court simultaneously filed an order modifying its 1993 judgment with respect to the implementation of the death sentence as follows:

> Pursuant to the imposition of the sentence of death that was handed down by the jury on February 16, 1993, is hereby ORDERED that:

4

1. The sentence of death shall be executed by a United States Marshal designated by the Director of the United States Marshals Service;

2. The sentence shall be executed by intravenous injection of a lethal substance or substances in a quantity sufficient to cause death;

3. The sentence shall be executed on a date and at a place designated by the Director of the Federal Bureau of Prisons;

4. Cory (*sic*) Johnson shall be committed to the custody of the Attorney General or his authorized representative for appropriate detention pending execution of the sentence;

5. The United States Marshal designated by the Director of the United States Marshal's Service to carry out the sentence of death shall promptly return to this Court the appended document to inform this Court that the sentence of death has been executed.

Ex. 2 (Dkt. 945).

Shortly thereafter, the government was enjoined by the District Court for the District of Columbia from carrying out Mr. Johnson's execution pending a challenge to the government's lethal injection protocol. *See* Ex. 9 at 2 (Mem. Op., *In the Matter of the Fed. Bureau of Prisons' Execution Protocol Cases*, No. 19-mc-145 (D.D.C. Sept. 20, 2020), ECF No. 265) (recounting procedural history). That injunction was vacated on September 20, 2020. *Id*. at 7.

On November 20, 2020, the Bureau of Prisons issued a notice to Mr. Johnson "that a date has been set for the implementation of your death sentence, pursuant to the Judgment and Order issued on June 1, 1993, by Judge James R. Spencer of the United States District Court for the Eastern District of Virginia." Ex. 8 (Notice of Execution). Pursuant to that notice, the government intends to execute Mr. Johnson by lethal injection on January 14, 2021, at the federal prison in Terre Haute, Indiana.

I.   THE COURT LACKED JURISDICTION TO MODIFY THE ORIGINAL JUDGMENT AND ORDER IMPLEMENTING THE DEATH SENTENCE

As another court in this Circuit ruled on analogous facts only days ago, the Court did not have authority to enter its 2005 order modifying the original judgment implementing Mr. Johnson's death sentence. A "'judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (alteration in original) (quoting 18 U.S.C. § 3582(b)); *see also United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020) ("Generally, sentences may not be modified once imposed."). Specifically, "[a]fter sentence has been imposed, the district court may not alter the sentence except as authorized by Fed. R. Crim. P. 35 or 18 U.S.C.A. § 3582(c)." *United States v. Griffin*, 60 F.3d 826, 1995 WL 417628, *2 (4th Cir. 1995) (unpublished table decision); *accord United States v. Fraley*, 988 F.2d 4, 6 (4th Cir. 1993).

The Court's 1993 judgment became complete and final when, pursuant to the Fourth Circuit's remand order, it "enter[ed] appropriate orders for the executions in accordance with regulation promulgated by the Attorney General." *Tipton*, 90 F.3d at 903. At that point, its 1996 order implementing the sentence merged with the 1993 judgment. *See Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence. The sentence is the judgment."); *Parr v. United States*, 351 U.S. 513, 518 (1956).

In its motion seeking to modify the order, the government did not acknowledge the prohibition on modifying criminal judgments in its motion, nor did it suggest which of the limited exceptions would apply to permit a sentence modification in Mr. Johnson's case. Mr. Johnson is aware of none. Federal Rule of Criminal Procedure 35 permits corrections for clear error or reductions in sentence for substantial assistance to the government, neither of which is

6

applicable here.[2] And § 3582(c) permits sentencing reductions for "extraordinary and compelling reasons," § 3582(c)(1)(A)(i), or for prisoners over 70 years of age who have served at least 30 years in prison where certain other criteria are met, § 3582(c)(1)(A)(ii), and sentencing modifications that are "otherwise expressly permitted by statute" or Rule 35, § 3582(c)(1)(B), or in certain circumstances where sentencing ranges have been lowered by the United States Sentencing Commission, § 3582(c)(2).[3]

None of these limited exceptions applied in Mr. Johnson's case, and the government did not suggest otherwise. In the absence of an applicable exception, the Court lacked jurisdiction to modify Mr. Johnson's judgment. *See United States v. Washington*, 549 F.3d 905, 916-17 (3d Cir. 2008) (district court lacked authority to vacate sentence procured by defendant's fraudulent impersonation of another individual because it had no inherent power to modify sentence for reason not enumerated in Rule 35 or section 3582(c)).

It is axiomatic that a judgment rendered by a court lacking jurisdiction is void. *See, e.g.*, *Burnham v. Superior Ct. of Cal.*, 495 U.S. 604, 608-09 (1990). Consequently, because the Court lacked jurisdiction to modify the 1993 judgment, its 2005 order purporting to do so is a legal nullity.

A sister court in this Circuit recently reached the same conclusion on almost identical facts. In *United States v. Higgs*, the government sought to modify the final judgment and order indicating the procedures for imposing Mr. Higgs's federal death sentence. That judgment,

---

[2] Rule 35 sentence corrections or reductions must also occur within fourteen days or one year of sentencing, respectively. Fed. R. Crim. P. 35(a), (b)(1). These deadlines had passed long before the revision requested in Mr. Johnson's case. Later motions for sentence reduction are permitted only in limited circumstances not applicable here. *See* Fed. R. Crim. P. 35(b)(2).

[3] The court in *Higgs* held that "none of [these circumstances] applies" to the analogous facts in that case. 2020 WL 7707165, at *4.

7

which was entered in 2001, specified that the execution was to be carried out in accordance with the laws of the state in which Mr. Higgs was sentenced—*i.e.*, Maryland. That state, however, abolished the death penalty in 2013, more than 12 years after Higgs was sentenced by the district court. In the absence of state law by which to carry out Higgs's sentence, the government asked the court in August 2020 to amend its 2001 judgment and order and direct that the execution be carried out in Indiana pursuant to Indiana law. *Higgs*, 2020 WL 7707165, at *1.

As the district court stated, the government's "extraordinary request that the Court amend its original judgment and sentence is something that the Court plainly cannot do." *Id*. at *4. Citing *Dillon*, the court noted that a final criminal judgment "may not be modified by a district court except in limited circumstances." *Id*. As the court further observed, "[o]nly a few limited exceptions to this rule exist, none of which applies here." *Id.* (citing 18 U.S.C. § 3582(c) and Fed. R. Crim. P. 35).

Moreover, the court recognized that "[t]he Fourth Circuit has taken a very narrow view of the authority of district court to amend *any* aspect of a criminal sentence in the absence of an explicitly recognized exception authorizing such amendment." *Id.* By way of example, the court cited *United States v. Jones*, 238 F.3d 271, 272-73 (4th Cir. 2001), where the Fourth Circuit held that a district court lacked authority to amend the defendant's judgment to require immediate payment of a fine imposed four years earlier, even though the amendment sought to bring the sentence in compliance with subsequent case law.

> The court in *Jones* was clear that, "[a]lthough there are circumstances under which a district court may modify or correct a criminal judgment order, none of them authorize[s] the district court to [amend a judgment] based solely on a subsequent change in case law." [*Jones*, 238 F.3d] at 272. The court rejected the government's argument that it should nevertheless affirm the district court's amending order because the defendant could not "show that he was harmed by the amendment." *Id*.

8

> Since the *Jones* court found that a district court lacked authority to amend a judgment to revise the terms for payment of a fine where the original judgment was no longer in compliance with the law, the Court believes *a fortiori* that it lacks authority to amend the judgment as to the place of execution, where Maryland law no longer provides procedures for an execution.

*Higgs*, 2020 WL 7707165, at *4.[4]

If the Fourth Circuit does not permit a district court to amend a judgment based on a subsequent change in law, surely it does not permit a district court to amend a judgment simply because the government subsequently built its own execution chamber at a federal facility—which was the *only* reason the government offered in support of its motion to modify the original criminal judgment and order.

## II. THE BUREAU OF PRISONS' NOTICE OF EXECUTION IS NULL AND VOID BECAUSE THE IMPLEMENTATION OF MR. JOHNSON'S SENTENCE IS GOVERNED BY THE ORIGINAL JUDGMENT AND ORDER

Because the 2005 orders modifying the judgment are a legal nullity, Mr. Johnson's death sentence is governed by the procedures set out in the 1996 sentencing order that merged with the 1993 criminal judgment. That order provides, in pertinent part, that:

> 1. The Attorney General shall release Cory Johnson, a/k/a "CO", to the custody of a United States Marshal who shall supervise implementation of the sentence of death in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 - 236 (Michie 1994 & Supp. 1996);
>
> 2. The United States Marshal charged with supervising the implementation of the sentence of death may use appropriate State or local facilities and services of an appropriate State or local official for the purpose, and shall pay the costs thereof in an amount approved by the Attorney General;

---

[4] The government appealed the district court's order. *United States v. Higgs*, No. 20-18 (4th Cir. Dec. 30, 2020). The Fourth Circuit has set oral argument for January 27, 2021. *Id.*, Ex. 10 (Dkt. 15). The government moved to expedite the proceedings, noting that it has scheduled Mr. Higgs's execution for January 15, 2021, and that in the absence of a ruling, it cannot proceed with the execution. *Id.*, Ex. 11 at 3 (Dkt. 18). The Fourth Circuit, however, denied the government's request. *Id.*, Ex. 12 (Dkt. 28). The government has since filed a request for mandamus relief.

…

>  6. Not less than four (4) days before the time fixed in this Order for the execution of the sentence, the United States Marshal, in conjunction with the Director of the Virginia Department of Corrections, shall cause Cory Johnson, a/k/a "CO", to be conveyed to the State correctional facility housing the death chamber.

Ex. 5 (Dkt. 653).

Although the execution notice that the Bureau of Prisons issued to Mr. Johnson purports to have been made "pursuant to the Judgment and Order issued on June 1, 1993, by Judge James R. Spencer of the United States District Court for the Eastern District of Virginia," Ex. 8 (Notice of Execution), the government has stated that it intends to execute Mr. Johnson at the federal prison in Terre Haute, Indiana. This would plainly violate this Court's 1993 Judgment and Order, which requires that the execution be carried out in a Virginia correctional facility housing the death chamber, and that the sentence be implemented in the manner prescribed by the law of the Commonwealth of Virginia, Va. Code Ann.§§ 53.1-232 – 236.

The Bureau of Prisons has no discretion to depart from this Court's Judgment and Order about the manner and place where the sentence is to implemented. *See* 28 C.F.R. § 26.3(a) (noting that Bureau of Prisons Director may designate the penal or correctional institution where the sentence is to be carried "[e]xcept to the extent a court orders otherwise"). Thus, to the extent the Bureau of Prisons' execution notice varies in any way from the terms of this Court's 1996 order implementing the death sentence, it is a legal nullity.

## CONCLUSION

For the foregoing reasons, Mr. Johnson respectfully requests that this Court vacate as void its 2005 orders, Ex. 1 (Dkt. 944); Ex. 2 (Dkt. 945), modifying the final Judgment and Order governing the implementation of Mr. Johnson's death sentence.

10

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: January 10, 2021 | <u>/s/ David E. Carney</u><br>David E. Carney, VA Bar # 43914<br>Donald P. Salzman\*<br>Lotus D. Ryan, VA Bar # 71425<br>Skadden, Arps, Slate, Meagher & Flom, LLP<br>1440 New York Avenue, NW<br>Washington, DC 20005<br>Telephone: (202) 371-7246<br>Fax: (202) 661-8295<br>Email: david.carney@skadden.com<br><br>\*Admitted Pro Hac Vice<br><br>*Counsel for Corey Johnson* |

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of January 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing to all parties and counsel included on the Court's Electronic Mail notice list.

/s/ David E. Carney
David E. Carney, VA Bar # 43914
Skadden, Arps, Slate, Meagher & Flom, LLP
1440 New York Avenue, NW
Washington, DC 20005
Telephone: (202) 371-7246
Fax: (202) 661-8295
Email: david.carney@skadden.com
